IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL DAVID KASBERG, 1448418,<br>Petitioner, | § § § | |
| v. | § | 3:10-CV-1429-D (BK) |
| RICK THALER, Director, TDCJ-CID,<br>Respondent. | § § § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions, and recommendation. Petitioner, a Texas state inmate, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons set out below, it is recommended that the petition be denied.

### I. BACKGROUND

In 2006, Petitioner was re-indicted for burglary of a habitation with intent to commit theft, enhanced by two prior convictions in *State v. Kasberg*, No. F06-00925 (203rd Judicial District Court, Dallas County). CR at 2.[1] Although Petitioner initially pled not guilty to the offense, he changed his plea to guilty on the first day of trial. 2 RR at 5; 4 RR at 2-7. At the punishment phase, the jury found the enhancement paragraphs true and sentenced Petitioner to sixty-five years imprisonment. 4 RR at 79; CR at 86. The Texas Court of Appeals for the Fifth District affirmed Petitioner's conviction, and the Texas Court of Criminal Appeals (TCCA)

---

[1] The Court adopts Respondent's citations to the state court record: Clerk's Record ("CR") followed by page number; Reporter's Record ("RR") – consisting of the trial transcript and testimony – preceded by the volume number and followed by the page number; and State Habeas Clerk's Record ("SHCR") followed by the Event ID number in parenthesis and the page number.

subsequently refused his petition for discretionary review. *Kasberg v. State*, 2008 WL 3117515, No. 05-07-00532-CR (Tex. App.– Dallas, 2008 pet. ref'd) (unpublished). Thereafter, Petitioner filed a state habeas application under Texas Code of Criminal Procedure, Art. 11.07, which the TCCA denied without written order and on the findings of the trial court without a hearing. *Ex Parte Kasberg*, No. WR-73,776-01, (EventID 2404292), at cover and 2 (hereinafter referred to as SHCR).

In his timely federal petition, Petitioner raises the following grounds:

1. He was denied effective assistance of counsel when trial counsel–
   a. failed to impeach witness Mae Hailey for inconsistent testimony;
   b. failed to call witnesses on his behalf;
   c. cursed him in open court, creating a conflict of interest;
   d. failed to inform him of the state's intent to enhance until the day of trial;

2. The state habeas court entered findings based on trial counsel's sworn affidavit, which was insufficient to resolve all controverted issues raised in state court;

3. He was denied due process when the state did not provide sufficient notice of its intent to enhance his sentence;

4. The state failed to prove the first enhancement allegation;

5. His guilty plea was not intelligently and voluntarily entered, in violation of his right to due process.

(Doc. 1 at 7-8, Doc. 2 at 1-8.)[2]

## II. DISCUSSION

**A.     Unexhausted and Procedurally Barred Claims (Grounds 1(a)-(c))**

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with section 2254, a petitioner must fairly present

---

[2] Petitioner raised the fifth ground only in his memorandum in support. (Doc. 2 at 4.)

2

the factual and legal basis of any claim to the highest state court for review prior to raising it in federal court. *See Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir. 2005). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review on direct appeal or in an application for a writ of habeas corpus. *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A petitioner's failure to exhaust is generally a procedural bar to federal habeas review, although the federal court may excuse the bar if the petitioner can demonstrate either cause and prejudice for the default or that the court's failure to consider the claims will result in a fundamental miscarriage of justice. *Ries v. Quarterman*, 522 F.3d 517, 523-24 (5th Cir. 2008).

Respondent correctly points out that Petitioner did not adequately exhaust the first three claims of ineffective assistance of counsel (IAC) raised in his first ground – namely that counsel (a) failed to impeach witness Mae Hailey for inconsistent testimony, (b) failed to call witnesses on Petitioner's behalf; and (c) cursed Petitioner in open court, creating a conflict of interest. (Doc. 1 at 7.)

A review of the state habeas court record confirms Petitioner did not fairly present the above grounds in his art. 11.07 application. While Petitioner raised IAC in his state application, he did so on other grounds. *See* SHCR (Event ID 2404292) at 8.[3] The allegation in his reply that "all the facts were presented before the trial court and they were ignored" (Doc. 14 at 1) is

---

[3] The state habeas application raised the following IAC claims: (a) failure to request a curative instruction following Hailey's testimony during the punishment phase of the trial; (b & c) failure to object to inadequate notice of re-indictment and the trial judge's pre-trial prayer session with the State's key witnesses; (d) failure to introduce controverting police statements that Ms. Hailey was not at home; and (e) failure to investigate the case properly. SHCR (Event ID 2404292) at 8.

conclusory at best. Accordingly, his IAC claims are unexhausted. *Morris*, 413 F.3d at 491. Further, because Petitioner has made no attempt to demonstrate cause and prejudice for his default or show that a fundamental miscarriage of justice would occur if this Court were to refuse to consider his claims, his IAC claims (sub-issues (a)-(c)) are procedurally barred from federal habeas review. *Ries*, 522 F.3d at 523-24.

**B.     Merits Review**

28 U.S.C. § 2254(d) precludes habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

This Court's inquiry under section 2254(d) is limited to whether the state court's application of Supreme Court precedent was unreasonable. "For purposes of § 2254(d)(1), 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 785 (2011). In addition, the state court "must be granted a deference and latitude that are not in operation when the case involves review under the . . . standard itself." *Id.* Thus, "[u]nder § 2254(d), a habeas court must determine what arguments or theories supported or, . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e Supreme] Court." *Id.* at 786.

Mindful of the deference due to the state court's decision under the AEDPA, the Court addresses each of Petitioner's remaining claims below.

1. <u>Voluntariness of Guilty Plea (Ground 5)</u>

Petitioner argues his guilty plea was unintelligent and involuntarily entered. (Doc. 2 at 4.) Relying on testimony presented during the hearing on his motion for new trial, he states defense counsel conveyed to him "significant misinformation" that caused him to "labor[] under [a] false impression," rendering his guilty plea involuntary. (*Id.*) He also states "the trial judge did not personally admonish . . . [him] as to his specific rights, the nature of the charge, or the consequences of a guilty plea, other than the fact that the range of punishment was 'no less than twenty-five years." (*Id.* at 5.) In addition, he claims the record fails to establish a "meaningful colloquy between the trial judge and the Petitioner regarding his understanding of the guilty plea and its consequences." (*Id.* at 5-6.)

"A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000) (citations omitted). This requires that the defendant "has a full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama,* 395 U.S. 238, 244 (1969). A plea is involuntary, and thus insufficient to support a conviction, if the defendant "does not understand the nature of the constitutional protections that he is waiving, or . . . has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." *Henderson v. Morgan,* 426 U.S. 637, 645 n. 13 (1976) (citations omitted).

On direct appeal, the state court of appeals addressed and rejected Petitioner's claim that his guilty plea was not intelligently and voluntarily entered in violation of his due process rights.

*See Kasberg v. State*, 2008 WL 3117515, at 2-3 (Tex. App. – Dallas, 2008, pet. ref.) (unpublished).[4] In a detailed opinion, the court concluded that Petitioner "failed to rebut the prima facie showing of voluntariness" of his guilty plea. *Id.* at 3. The appellate record demonstrated Petitioner "had an affirmative understanding of his plea" despite his contrary testimony, which conflicted with defense counsel's testimony and Petitioner's own actions and admissions. *Id.* The trial court orally admonished Petitioner of the appropriate range of punishment, in addition to providing him written admonishment in the plea agreement. *Id.* at 2. Furthermore, the indictment, which was read before the entry of his guilty plea, reiterated the elements of the offense, which Defense counsel had also discussed with Petitioner. *Id.* at 3. In addition, Petitioner had signed a judicial confession, affirming his understanding of the guilt plea and the written admonishments. *Id.*

Petitioner's pleadings, even when liberally construed, fail to show that the state court's adjudication of the voluntariness of his guilty plea was unreasonable. Apart from reiterating the claims raised and rejected on direct appeal, Petitioner has offered nothing more than his own averments that his plea was involuntary. *Compare* Doc. 2 at 4-6, *with* Appellant's Brief at 18-21 (No. 05-07-00532-CR, ID #A796023477301). Further, he cannot overcome the presumption of correctness, which applies to the state court's factual findings that his plea was voluntary and supported by sufficient evidence. *See* 28 U.S.C. § 2254(e)(1) ("determination of a factual issue

---

[4] The state habeas court found this claim procedurally barred because addressed and rejected on direct appeal. SHCR (Event 2404292) at 57. The Court, thus, turns to "the last reasoned opinion" on this issue. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) (recognizing rebuttable presumption for federal habeas purposes that, where there has been one reasoned state judgment rejecting federal claim, later unexplained orders upholding judgment or rejecting same claim rest upon same ground).

by a state court shall be presumed correct" unless rebutted "by clear and convincing evidence"). Having failed to show the state court's determination was contrary to, or involved an unreasonable application, of clearly established federal law, this ground should be denied.

2. State's Failure to Prove First Enhancement Allegation (Ground 4)

Petitioner claims the first enhancement allegation, a burglary conviction from Denton County, was improperly used to enhance his punishment because the State failed to prove he was the same person. (Doc. 2 at 6-8, reiterating claims previously raised on direct appeal.) The state court of appeals rejected this claim, concluding as a matter of state law, that Petitioner was the same person previously convicted for the Denton County burglary. *Kasberg*, 2008 WL 3117515, at 4. Federal habeas corpus relief, however, will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *See Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir.1993). Whether an offense has been properly enhanced is generally a matter of state law. *See Rubio v. Estelle*, 689 F.2d 533, 536 (5th Cir. 1982). Because Petitioner's challenge to the first enhancement paragraph relates solely to matters of state law, his ground is not cognizable on federal habeas review.

3. State's Failure to Provide Proper Notice of Enhancements (Ground 3)

Petitioner also claims a violation of his due process rights when the state failed to provide sufficient notice of its intent to enhance his sentence.[5] (Doc. 2 at 3.) In denying this claim, the state habeas court found the State properly re-indicted Petitioner in No. F06-00925-W to include two enhancement paragraphs, after he refused to plead guilty to the original indictment in No.

---

[5] To the extent that Petitioner alleges that one of his prior convictions was not final (Doc. 2 at 3), his claim is unexhausted and procedurally barred.

F05-27813-W, which did not include enhancement allegations. *See* SHCR (ID 2404292) at 56, 61-63. Petitioner's conclusory allegations fail to rebut the presumption of correctness attributed to state court's findings under section 2254(e)(1). Nor does Petitioner show that the state court's determination was contrary to, or involved an unreasonable application, of clearly established federal law.

Alternatively, insofar as Petitioner seeks to allege a violation of state law, his claim fails to raise a claim cognizable under section 2254. *See Pemberton*, 991 F.2d at 1223 (federal habeas relief unavailable to correct errors of state constitutional, statutory, or procedural law); *Rubio*, 689 F.2d at 536 (enhancement generally a matter of state law). Therefore, this ground should be denied.

    4.    <u>Ineffective Assistance of Counsel (Ground 1(d))</u>

Next, Petitioner asserts that defense counsel's failure to inform him of the State's intent to enhance his sentence until the day of trial amounted to constitutionally ineffective assistance of counsel. (Doc. 1 at 7.) As noted above, the re-indictment in No. F06-00925 provided Petitioner adequate notice of the State's intent to enhance his sentence based on prior convictions. Having received adequate notice, Petitioner cannot demonstrate that his attorney's conduct constituted objectively deficient performance under the Sixth Amendment and that he was prejudiced. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (to establish ineffective assistance of counsel, a petitioner must show both deficient performance by counsel and prejudice). The state court's denial of this ground was a reasonable application of federal law. Therefore, Petitioner's claim fails.

5. State Habeas Court's Failure to Resolve Properly IAC Claims (Ground 2)

Lastly, Petitioner claims trial counsel's sworn affidavit was insufficient to "fully resolve all of the contraverted [sic] issues raised" in his state habeas application. (Doc. 2 at 2.) Specifically, he argues the state trial court entered findings based upon counsel's affidavit, even though Petitioner's allegations were "in direct conflict" with counsel's sworn statements. (*Id.* at 2-3.) Clearly, Petitioner seeks to challenge the adequacy of the state habeas proceedings. Infirmities in collateral proceedings, however, are not grounds for federal habeas corpus relief. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) (collecting cases). Accordingly, this ground fails.

### III. RECOMMENDATION

For the foregoing reasons, the District Court should **DENY** the petition for writ of habeas corpus.

SIGNED March 31, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE